UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH S. MORRIS; PALADINO CASH TOW RESCUE, INC.,

Plaintiffs,

-against-

NEW YORK HOUSING URBAN DEVELOPMENT, AKA., NEW YORK CONVENTION CENTER, DBS., EMPIRE STATE DEVELOPMENT, ET AL.,

Defendants.

24-CV-1641 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Keith S. Morris, who is appearing *pro se*, brings this action on his own behalf and on behalf of Paladino Cash Tow Rescue, Inc. He invokes the Court's federal question jurisdiction, alleging that Defendants violated his rights. By order dated February 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff names as Defendants the following: (1) "New York Housing Urban Development, a/k/a New York Convention Center, d/b/a Empire State Development"; (2) the Social Security Administration ("SSA"); (3) former SSA Commissioner Andre Saul; (4) the United States of America; (5) Administrative Law Judge ("ALJ") Roxanne Fuller; (6) ALJ Oluwato Akinrolabu; (7) "OTDA, 14 Borum Pl."; (8) Barbara H. Quinn, whom Plaintiff identifies as a Deputy Commissioner of an unspecified agency; (9) Lorelei Salas, whom Plaintiff identifies as "D.C.A. Comm."; (10) "Department of Labor Secretary Allison Johnson";[1] and (11) the New York City Housing Authority ("NYCHA"). Plaintiff states that he is suing Defendants "under 1983, 1985(3) of the Civil Rights Law passed by congress that provides a legal remedy for consumers who have been deprived the equal protection, privileges, immunities of the law." (ECF 1, at 1.)[2]

[1] Plaintiff also identifies Johnson as a "DCA ATTY."

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

The following allegations are taken from the complaint. Plaintiff states that Defendants[3] have discriminated against him because he is an "ex convict." (*Id.* at 2.) Plaintiff

> is unable to earn a livelihood, nor provide sufficient sustenance to sustain plaintiff's way of life. Plaintiff is use[d] to having 1500.00 to 2000.00 every week as a business owner. Defendants have provided plaintiff with 21.00 dollars cash assistance within the last six years without coverage for hygiene care, toothpaste, soap, toilet paper.

(*Id.*) Defendants denied Plaintiff "of the equal enjoyment of Paladino Cash Tow Rescue, Inc., when defendants failed to renew the Plaintiff's tow license." (*Id.*)

"New York Convention Center (NYCC), A.K.A. the Housing Urban Development conspiring with Social Security Admin. and the Office of Temporary Disability acting in concert concealed their identity at the plaintiff's May 20th, 2020, hearing at 26 Federal Plaza, New York, New York. 10278." (*Id.* at 2-3.) In so doing, these defendants

> infringed the plaintiff's Fourteenth Amendment right to appeal, and making difficult the discovery process of obtaining defendants' insurance policy, which the Social Security Admin. should have honor Examination of their insurance policy relevant to the vocational officers' assumption of the ultra-hazardous risk, which is the proximate cause of the plaintiff's complaint.

(*Id.* at 3.)

Defendants conspired to prevent Plaintiff from renewing his tow license because they

> predetermined the Plaintiff's guilt in an incident before the Court, because, defendants have failed in their many attempts to confiscate the plaintiff's license for minor traffic infractions, defendants seen the outstanding charges against plaintiff as golden opportunity to deprove the plaintiff, the tow license renewal, before plaintiff had been found guilty of the 2013 assault charges, for a traffic altercation.

(*Id.*)

---

[3] Plaintiff often refers to "Defendants" in the aggregate rather than referring to any specific defendant.

Defendants "malicious[ly] prosecuted" Plaintiff's 2013 arrest "to create the false pretense that plaintiff's renewal could not go through because plaintiff had assaulted a cab driver. From there it went to the plaintiff could not operate credit card swipe because he may steal customers credit card information." (*Id.* at 4.) Such "defamation . . . stunted plaintiff's company expansion, and hurry plaintiff contracting associates, while at the same time, placing plaintiff on a bucket of ice without the enjoyment of the equal protection of the law." (*Id.*)

The Office of Temporary Disability and its

> co-conspirators failed to give plaintiff notice of a safe place guaranteeing legal transfer of financial disability payments owed the plaintiff for past & future gains, as the voting rights of the plaintiff's were impaired and trampled upon, if plaintiff property were taken at 26 Federal Plaza, NYC 10278, on the 20th day of May, 2020, without just compensation, or before conducting a hearing in a safe place authorized to enforce judgment rendered to the plaintiff, and not in favor of the defendants.

(*Id.* at 4-5.)

Plaintiff alleges that the fairness of the May 20, 2020 hearing was "impaired" by ALJ Fuller "receiving something of value, in return for her determination in favor of the defendants, then being compensated in return for her judgment[.] The identical fee specific, that is repugnant to the professional ethics standard of attorney conduct. Identical to the Supreme Courts internal investigation of gifts concerned value." (*Id.* at 5.) Fuller's acts

> were in part influenced by the defendant, NYHUD, financial influence over government agencies & decisions, by way of independent contracts, which is equivalent to a illegal commission fees (per-se), which are extorted from the plaintiff without consent, but the defendants deception, which is identified in the defendants ingenious litigation with false presumptions, and bad faith discovery tricks to dwarf prompt litigation, by absconding with intent to convert the plaintiff's property for the defendants' own use, and without just compensation.

(*Id.* at 6.)

Plaintiff further alleges that,

> Defendants DCA defamatory statements exposed the plaintiff's business to unnecessary liabilities that Plaintiff would not be held liable, but for the above named Defendants' impermissible conduct by mailing a scheduled appearance, plaintiff were to check the box, and mail the post card back to the sending indicating whether or not plaintiff would sow for the May 20th, 2020, hearing.

(*Id.* at 7.) Moreover, "Defendants' gradually expose the plaintiff to unsafe conditions within a dwelling unit, failed to prevent their duty of care protecting Plaintiff from theft, on their premise, would make the owner of the premise liable for their actions, or inactions." (*Id.*)

Plaintiff also alleges,

> Defendant H.U.D. conspiring with the New York City Housing Authority to maliciously prosecute the Plaintiff for uncharged crimes, and which defendants' knew they didn't possess the probable cause to prosecute. Plaintiff can only imply the defendants' conduct that their antagonism is motivated by plaintiff pursuit for redress in the present action, therefore defendants all action in the State, should be dismissed for want of prosecution for failure to prosecute, moreover, relief should be bestowed upon with respect to FRCP 8(a).

(*Id.*)

Plaintiff states that he is suing Defendants

> jointly & severally for damages in the amount of $2,100,000.00 for subjecting plaintiff to loss without prevention of concern for dangers at the Defendants' premise that are the proximate cause for the plaintiff's damages & defendants' liability for facilitating with coconspirator's named above for their unethical behavior which does not comport to professional conduct.

(*Id.* at 9.)

Plaintiff also seeks

> relief & redress for the defendants intentionally discriminating against the plaintiff for past aggressions that had already been paid for, by way of incarceration. Yet plaintiff was not given a certificate of relief honoring the plaintiff 19(a) certification; school bus driver relief, and bonded, which resulted in a serious elapse of time & plaintiff's youth, whereas, the plaintiff should be redressed for loss wages, which is the contributing fault of the plaintiff's loss, by way of denying & depriving plaintiff the privilege & immunities of a United States Citizens, and affording plaintiff second class rights, by taking Plaintiff's

> taxes and not affording plaintiff his rights, excluding Plaintiff from the option to review his tow lic.; 19(a) certification.

(*Id.* at 10.)

Plaintiff has previously filed an action in this court naming some of the same defendants and appearing to assert some of the same claims he may be attempting to assert here. *See Morris v. Trump*, No. 21-CV-4445 (LTS) (S.D.N.Y. Mar. 13, 2023) (naming Fuller, Saul, Johnson, and the United States as defendants). In a June 1, 2021 order to amend in that action, the Court dismissed Plaintiff's claims against the United States and individual federal defendants, including Saul, in their official capacities based on sovereign immunity, and dismissed Plaintiff's claims against individual federal defendants, again including Saul, in their individual capacities, for failure to state a claim on which relief may be granted. The Court also dismissed Plaintiff's claims against the New York State Department of Labor and against individual state defendants, in their official capacities, based on Eleventh Amendment immunity, and dismissed the claims against the individual state defendants in their personal capacities for failure to state a claim on which relief may be granted. The Court dismissed Plaintiff's claims for benefits from the Social Security Administration because Plaintiff had not alleged that he received a final decision from the Commissioner of Social Security, as required under 42 U.S.C. § 405(g). Finally, the Court determined that any claims under 42 U.S.C. § 1983 that Plaintiff was asserting arising from the denial of his towing license in August 2017 appeared to be time-barred at the time he filed the complaint on May 14, 2021. In light of Plaintiff's *pro se* status, the Court granted him leave to amend his complaint to cure these deficiencies. *See* ECF 1:21-CV-4445, 6.

Plaintiff filed an amended complaint, and by order dated March 13, 2023, the Court determined that the amended complaint failed to cure the deficiencies identified in its prior order, and dismissed the action as frivolous, for failure to state a claim on which relief may be granted,

and for seeking money damages from defendants immune from such relief under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See* ECF 1:21-CV-4445, 16. Plaintiff appealed the Court's judgment, and, by mandate dated October 10, 2023, the United States Court of Appeals for the Second Circuit dismissed the appeal "because it lack[ed] an arguable basis either in law or in fact." ECF 1:21-CV-4445, 19 (internal quotation marks and citation omitted).

## DISCUSSION

### A. Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

As a general matter, Plaintiff's complaint does not comply with Rule 8. The complaint consists of conclusory assertions about how various defendants allegedly violated Plaintiff's rights, but Plaintiff does not allege facts in support of those conclusory assertions. The complaint does not include a short and plain statement showing that Plaintiff is entitled to relief, and nothing in the complaint, as pleaded, suggests a viable claim for relief.

The Court grants Plaintiff leave to replead his claims in an amended complaint that complies with Rule 8 and the standards set forth below.

**B. Claims on behalf of Paladino Cash Tow Rescue, Inc.**

Plaintiff Keith Morris attempts to assert claims on behalf of Paladino Cash Tow Rescue, Inc. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").[4] The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of Paladino Cash Tow Rescue, Inc.

---

[4] In addition, corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

**C. Claims against the United States and Saul**

Plaintiff's allegations that Saul, a federal employee, violated his constitutional rights can be liberally construed as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *see also Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*).

The purpose of an implied *Bivens* action "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because of this, a *Bivens* claim will lie only against an individual in a personal capacity, and not against a federal agency or against federal officials in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Here, Plaintiff sues Social Security Administration Commissioner Andre Saul, but he does not assert any facts suggesting that Saul was involved personally in violating his rights. The Court therefore construes Plaintiff's claims against Saul as claims against him in his official capacities.

Sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Because an action against . . . federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff fails to state a claim against Saul in a personal capacity, and sovereign immunity bars his official-capacity claims against Saul and his claims against the United States. The Court therefore dismisses Plaintiff's claims against the United States and Saul based on sovereign immunity.[5] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. Social Security Administration**

Although Plaintiff cannot bring a claim for damages against SSA Commissioner Saul, the Social Security Act does permit claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under Section 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security. The second is the requirement that the administrative remedies of the SSA be exhausted. *Abbey v. Sullivan*, 978

[5] The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1). A plaintiff may seek damages against the United States under the FTCA, but such relief is not available for the violation of a constitutional right. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). Moreover, an FTCA claim may only be brought after exhausting administrative remedies with the appropriate federal agency. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) (holding that before filing an action in federal court, a plaintiff must comply with the FTCA's procedural requirements), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Because Plaintiff does not allege any facts suggesting that a federal officer or employee committed a tort against him, or that he exhausted his administrative remedies, the Court declines to construe the complaint as asserting a claim under the FTCA.

F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an ALJ; and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the plaintiff may seek review of the decision in a federal district court.[6]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse a failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

Plaintiff names the SSA and SSA Commissioner Saul as defendants, but Plaintiff does not allege that he has exhausted his administrative remedies for a claim for social security benefits or received a final decision from the Commissioner of Social Security. Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under Section 405(g) to

---

[6] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

hear his claims, his claims concerning his right to social security benefits cannot proceed at this time.[7]

Because the status of Plaintiff's claim for social security benefits is unclear, the Court grants Plaintiff leave replead his claims under Section 405(g) either to show that he exhausted his administrative remedies with the SSA before filing this action, or to set forth facts showing that his failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

**E. Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

---

[7] The Court notes that Plaintiff as previously filed two suits that appeared to seek review of his claim for federal Social Security benefits. In each case, Plaintiff was granted leave to amend his complaint to plead facts showing that he had exhausted his administrative remedies, and in each case, he filed amended complaints that did not include facts showing that he had done so. *See Morris,* ECF 1:21-CV-4445, 16 (LTS); *Morris v. United States Governmen*t, ECF 1:20-CV-2015, 11 (LLS) (S.D.N.Y. Nov. 10, 2020).

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Furthermore, judicial immunity has been extended to cover administrative law judges. *See Montrero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("[Absolute] immunity also extends to administrative officials performing functions closely associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is functionally comparable to that of a judge." (internal quotation marks and citation omitted)).

Plaintiff fails to allege any facts showing that ALJs Fuller and Akinrolabu acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues ALJs Fuller and Akinrolabu for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Fuller and Akinrolabu because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**F. Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against NYHUD and OTDA are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### G. Personal Involvement

Plaintiff's claims against Quinn, Salas, and Johnson arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Quinn, Salas, and Johnson were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to replead his claims against these defendants in an amended complaint that alleges facts showing how they were personally involved in the events underlying his claims.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 or Section 405(g), the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: April 29, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge